CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

NOV 0 3 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

JAMES A. FARMER, JR.,       )
      Plaintiff,         )      Civil Action No. 7:05CV00631
                  )
v.                    )      __MEMORANDUM OPINION__
                  )
                  )      **By Hon. Glen E. Conrad**
B.A. BLEDSOE, et al.,        )      **United States District Judge**
      Defendant.     )

The plaintiff, James A. Farmer, Jr., a federal inmate proceeding pro se, filed this civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against B.A. Bledsoe, J. Davidson, W. Crum, and A. Wolfe. Having reviewed the plaintiff's complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

The plaintiff is currently incarcerated at the United States Penitentiary in Lee County, Virginia. In his first claim, the plaintiff alleges that Officer W. Crum used excessive force against him on July 9, 2005. Specifically, the plaintiff alleges that when he placed his hand in the feed slot and asked for a piece of fruit, Officer Crum ordered the plaintiff to remove his hand. The officer closed and locked the slot, and he and the plaintiff subsequently "had words." When Officer Crum reopened the feed slot to initiate a confrontation, the plaintiff used a towel to "jack" open the slot. As the plaintiff began to pull his left hand out of the slot, Officer Crum

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

kicked the slot closed on the plaintiff's hand, which resulted in two skin abrasions.

In his second claim, the plaintiff alleges that on another date, Officer Wolfe and Officer Davidson used excessive force against him, after the plaintiff engaged in a dispute with the officers over his cellmate. According to the plaintiff, Officer Davidson entered the cell and told the plaintiff to step forward and turn around, so that the officer could uncuff him. Although the plaintiff initially complied with the officer's orders, the plaintiff spun around and stepped back. At that point, Officer Davidson grabbed the plaintiff's throat and forced the plaintiff against the wall. When the plaintiff tried to push Officer Davidson away, the officer requested assistance. Officer Wolfe subsequently entered the cell and kicked the plaintiff in the stomach. Upon being kicked, the plaintiff fell on the floor. One of the officers then put his knee on the back of the plaintiff's neck. The plaintiff alleges that he suffered scratches on his shin and knee as a result of this incident.

Discussion

A <u>Bivens</u> action is designed to vindicate violations of constitutional rights by federal actors. <u>Hall v. Clinton</u>, 235 F.3d 202, 204 (4th Cir. 2000) (citing <u>Bivens</u>, 403 U.S. at 395-397). The plaintiff contends that the defendants violated his Eighth Amendment rights by using excessive force against him. To establish an excessive force claim under the Eighth Amendment, an inmate must satisfy two elements: (1) that the defendants acted with a sufficiently culpable state of mind, and (2) that the harm inflicted on the inmate was sufficiently serious. <u>Williams v. Benjamin</u>, 77 F.3d 756, 761 (4th Cir. 1996). With respect to the second element, an inmate "need not show that the force used caused an 'extreme deprivation' or 'serious' or 'significant' pain or injury to establish a cause of action." <u>Id.</u> (quoting <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992)).

2

However, absent the most extraordinary circumstances, an inmate must allege more than de minimis pain or injury. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994).

In this case, the plaintiff alleges that he suffered two skin abrasions when Officer Crum closed the feed slot on his hand. The plaintiff further alleges that he suffered scratches on his shin and knee as a result of the incident involving Officer Wolfe and Officer Davidson. Even assuming that the plaintiff's allegations are true, the court concludes that the plaintiff has failed to allege more than de minimus injuries. See Taylor v. McDuffie, 155 F.3d 479, 482 (4th Cir. 1998) (abrasions on the wrists and ankles, slight swelling in the jaw area, and tenderness in the rib area considered de minimis); Marshall v. Odom, 156 F. Supp. 2d 525, 530 (D. Md. 2001) (headache, facial abrasion, numbness, and swelling considered de minimis). Although an inmate who suffers de minimus injuries may still recover if "extraordinary circumstances"[2] are present, Norman 25 F.3d at 1263, the court concludes that such circumstances do not exist in this case.

For the reasons stated, the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(2). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER**: This ___2d___ day of November, 2005.

_____
United States District Judge

---

[2] Extraordinary circumstances exist when the force used is "diabolic," "inhuman," or "repugnant to the conscience of mankind." Norman, 25 F.3d at 1263 (quoting Hudson, 503 U.S. at 8).